IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER M. PAYNE, | |
| Plaintiff, | 8:23CV427 |
| vs. | |
| KEAGAN GEER, in his individual capacity; and DEMETRIA HERMAN, in her individual capacity; | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Christopher M. Payne ("Plaintiff"), a prisoner, filed a pro se Complaint under 42 U.S.C. § 1983, Filing No. 1, and a motion to proceed in forma pauperis, Filing No. 2, which was granted, Filing No. 6. The matter is currently before this Court to perform an initial review of Plaintiff's Complaint to determine if it is subject to summary dismissal pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

For the reasons set forth below, the Court finds that only Plaintiff's malicious prosecution claim against Defendants in their individual capacities may proceed. The remainder of Plaintiff's claims shall be dismissed without prejudice.

**I. SUMMARY OF COMPLAINT**

Plaintiff names Keagan Geer ("Geer"), an investigator with the Nebraska State Patrol ("NSP"), and Demetria Herman ("Herman"), an attorney with the Douglas County Attorney's office,[1] as defendants, suing each of them in their individual capacities only. Filing No. 1 at 1. The basis for Plaintiff's claims stems from events occurring on or about

---

[1] Plaintiff alleges Herman is an attorney with the Douglas County attorney's office, but it appears she is now employed as an attorney in the Nebraska Attorney General's office. *See* State of Nebraska, Directory, available at: https://ne-phonebook.ne.gov/PhoneBook/welcome.xhtml (last accessed Oct. 21, 2024).

March 30, 2022, when Plaintiff, an inmate at Tecumseh State Correctional Institution ("TSCI"), was transferred to Omaha Correctional Center ("OCC").  *Id.* at 2.  Upon arrival at OCC, Plaintiff's belongings were searched and inventoried by OCC staff who discovered several photographic prints depicting seminude and nude subjects which OCC staff believed were minor children (the "Photos").  The NSP was contacted, and Geer was assigned to investigate the Photos.  *Id.*

On April 7, 2022, Geer and another non-defendant investigator Giffee visited with Plaintiff at OCC.  *Id.*  Plaintiff alleges that Giffee informed him the Photos were not illegal and the focus of the investigation was how the Photos entered the prison as they were considered contraband.  *Id.*  Plaintiff alleges that although Geer believed the Photos were of minors, Geer's questioning focused on the origins of the Photos and their method of introduction into the prison.  *Id.*  Plaintiff asserts that he informed Geer and Giffee that he obtained the Photos from the book "Radiant Identities" (the "Book") at the TSCI library, after which Giffee informed Plaintiff he did not believe a crime had been committed and Plaintiff was allowed to leave the interview.  *Id.*

Plaintiff alleges Geer later searched the internet about the Book and then contacted Herman on or before July 19, 2022, about Payne and the Photos.  *Id.* at 3.  Plaintiff asserts that Herman instructed and assisted Geer with drafting an affidavit of probable cause for Plaintiff's arrest (the "Affidavit") pursuant to Nebraska Revised Statute Section 28-813.01(1), governing "Sexually explicit conduct; visual depiction; unlawful; penalty; affirmative defense; forfeiture of property."  *Id.*  Plaintiff alleges that the Affidavit states that upon transfer from TSCI to OCC Plaintiff possessed sexually explicit material visually depicting sexually explicit conduct in violation of Nebraska law and focuses on

the apparent age and nudity of the subjects in the Photos. *Id.* Plaintiff asserts that the Affidavit concluded that:

> there is probable cause to believe Christopher Payne possessed four visual depictions of sexually explicit conduct which would depict children as one of its participants or portrayed observers in violation of 28-813.01(1)(4) a Class IC Felony.

*Id.*

Plaintiff asserts that Herman's Affidavit failed to address the fact that the Photos were not suggestive of nor was intercourse undertaken, that the subjects were not unnaturally posed, and that the focus of the Photos was not the genitalia or pubic area of the individuals in the Photos. *Id.* at 4. Plaintiff also alleges that the Affidavit failed to mention that Plaintiff obtained the Book (and the Photos from it) from the TSCI library. *Id.* at 5.

Plaintiff submits that Herman submitted the Affidavit to a judge which ultimately resulted in Plaintiff's arrest on September 7, 2022. *Id.* Upon his arrest Plaintiff was transferred to Douglas County Correctional Center ("DCCC"). *Id.*

Upon entry into DCCC, despite declining the option to be placed in protective custody, Plaintiff was placed on "alone status," where Plaintiff alleges, he was "confined to a 7' by 15' cell by himself, with no books, magazines, or any other items to occupy his time . . . [and] was not permitted contact with other inmates" for 23 hours per day. *Id.* at 6. Also, upon entry to DCCC, Plaintiff alleges that he informed medical staff that he required prescribed medication for chronic symptoms related to Degenerative Disc Disease and Osteoarthritis as well as Trazadone for a mental health disorder (Major Depression and Anxiety), but that he was denied medication for the duration of his stay at DCCC. *Id.* As a result, Plaintiff alleges he suffered withdrawal symptoms, including

insomnia, headaches, tremors, and sweats, and relapse of his mental health condition including depression and anxiety.  *Id.*

Plaintiff alleges that a hearing was held on October 17, 2022, which Geer attended and presented testimony.  *Id.* at 7.  Plaintiff submits that Geer's testimony was the only evidence presented against Plaintiff (the "Hearing").  *Id.*  Herman did not attend the Hearing.  *Id.*

As a result of the Hearing the charges against Plaintiff were dismissed as the judge determined that the State had "failed to produce sufficient evidence that a crime had been committed and that there was no probable cause for [Plaintiff's] arrest, continued detention, or prosecution."  *Id.*  Plaintiff alleges that following the Hearing "Herman was witnessed in the hallway outside of the courtroom by attorneys with the Douglas County Public Defender's Office conspiring with Geer . . . . discussing ways to 'get [Plaintiff]' and charge [him] with some other crime."  *Id.*

Plaintiff asserts that as a result of his unlawful search and seizure and forty-eight day detention in solitary confinement he now suffers from Post Traumatic Stress Disorder ("PTSD"), and that he was unable to work his employment at OCC during the pendency of the charges, resulting in lost wages.  *Id.* at 6, 8.

The Court construes Plaintiff's individual capacity claims against both defendants as follows:

1. Malicious prosecution.
2. Fourth Amendment search and seizure violations.
3. Eighth Amendment deliberate indifference to medical needs.

As relief Plaintiff seeks, "monetary damages, against each [defendant], in amounts determined upon trial of the matter for his seizure and detention, metal and emotional suffering, lost wages, legal expenses, and the cost of this action." *Id.* at 11.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints filed by prisoners to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). As Plaintiff brings this suit pursuant to 42 U.S.C. § 1983, all of Plaintiff's claims and relief sought in the Complaint must be reviewed to determine if this standard is met.

For the reasons set forth below, only Plaintiff's Malicious Prosecution claim against Geer and Herman may proceed. The remainder of the claims set forth in his Complaint shall be dismissed.

### A. Immunity – Defendant Herman

As an initial matter, Plaintiff sues Herman, an attorney who, at all relevant times, was employed with the Douglas County Attorney's office, for her role in the state court proceedings brought against Plaintiff, including Herman's participation in the underlying investigation and her signing of the Affidavit in support of Plaintiff's arrest warrant. Filing No. 1 at 3–4. Plaintiff contends the Affidavit was drafted by Geer at Herman's instruction and Herman signed and attested to its accuracy, but which contained false or misleading information and did not actually provide probable cause for his arrest. *Id.* at 4–5.

"[A] prosecutor is absolutely immune for appearing before a judicial officer to present evidence in support of an application for an arrest warrant, insofar as he acts as the state's advocate in presenting evidence and arguing the law." *Kohl v. Casson*, 5 F.3d 1141, 1146 (8th Cir. 1993). Accordingly, to the extent that Plaintiff alleges that Herman

merely appeared before the magistrate judge, Herman enjoys absolute immunity from suit. Id. (citing Burns v. Reed, 500 U.S. 478 (1991)). However, Plaintiff also alleges that Herman advised Geer on preparing the affidavit and that Herman then signed the Affidavit which she presented to the judge to obtain the search warrant. Filing No. 1 at 3–4. ["W]here the prosecutor switches functions from presenting the testimony of others to vouching, of his own accord, for the truth of the affidavits presented to the judicial officer, the prosecutor loses the protection of absolute immunity and enjoys only qualified immunity." Casson, 5 F.3d at 1146 (citing Malley v. Briggs, 475 U.S. 335, 342 (1986)).

Because Plaintiff alleges that Herman was performing, in essence, the function of seeking an arrest warrant via her personal attestation to the accuracy of the information contained in the Affidavit, "[t]he issue is not whether the affidavit actually establishes probable cause, but rather whether the officer [or prosecutor] had an objectively reasonable belief that it established probable cause." Id. (citing Thompson v. Reuting, 968 F.2d 756, 760 (8th Cir.1992); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known")).

"Qualified immunity is not only a defense to liability but also an immunity from suit." Heartland Acad. Cmty. Church v. Waddle, 595 F.3d 798, 804 (8th Cir. 2010) (citing Pearson v. Callahan, 555 U.S. 223 (2009)). Here, as Plaintiff alleges Herman knew the facts alleged in the Affidavit did not meet the required probable cause for obtaining the arrest warrant, the application of qualified immunity to dismiss Herman as immune from suit is not appropriate. At this stage in the proceedings, there is not enough information

for this Court to find that Plaintiff's claims against Herman are barred by a qualified immunity defense and therefore his claims against Herman may proceed.

**B. Malicious Prosecution**

Plaintiff alleges that he was maliciously prosecuted by Herman and Geer. Filing No. 1 at 3–7.

To establish a case of malicious prosecution, a plaintiff must show:

> (1) the commencement or prosecution of the proceeding against him; (2) its legal causation by the present defendant; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such a proceeding; (5) the presence of malice therein; (6) damage, conforming to legal standards resulting to plaintiff.

*Lynch v. Omaha World-Herald Co.,* 300 F. Supp. 2d 896, 899–900 (D. Neb. 2004) (citing *Johnson v. First National Bank and Trust Co.,* 300 N.W.2d 10, 14 (Neb. 1980); *Holmes v. Crossroads Joint Venture,* 629 N.W.2d 511, 526 (Neb. 2001)).

Here, Plaintiff plainly meets elements 1 through 3, and 6 as Plaintiff was arrested via the Affidavit and criminally charged, the charges were dismissed, and Plaintiff suffered damages[2] as described in the Complaint. Filing No. 1. Regarding the probable cause element, while there is "no precise formula for determining the existence or nonexistence of probable cause," *see U.S. v. Strickland,* 144 F.3d 412, 415 (6th Cir.1998), in Nebraska, if probable cause exists *to institute* the original proceeding, it is a bar to an action for malicious prosecution. *Brumbaugh v. Frontier Refining Co.*, 113 N.W.2d 497, 503 (Neb. 1962) (emphasis added). However, if a person knowingly gives false or misleading information which persuades authorities to take certain actions, then that person can be

---

[2] Damages for confinement imposed pursuant to legal process are permitted in a malicious prosecution action. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

sued for malicious prosecution. Holmes, 629 N.W.2d at 526–27.

Plaintiff alleges Geer and Herman knew the Photos did not meet the statutory requirement to bring charges before the Affidavit was drafted, and that there was no probable cause under which to proceed. Filing No. 1 at 8–11. Taking Plaintiff's factual allegations as true as this Court must do upon initial review, Plaintiff has established a lack of probable cause. For these same reasons this Court finds that Plaintiff has adequately pleaded the malice element.[3]

As such, Plaintiff's malicious prosecution claims against both Geer and Herman in their individual capacities may proceed.

## C. Fourth Amendment Search and Seizure

Plaintiff appears to allege that the search of his person and personal property during his transfer from TSCI to OCC constituted an illegal search and seizure. Filing No. 1 at 2.

The Fourth Amendment protects individuals' security in their persons, houses, papers, and effects, against unreasonable searches and seizures. See U.S. Const. Amend. IV. A claim is not cognizable under § 1983, however, where the plaintiff failed to allege that a defendant was personally involved in or directly responsible for incidents that injured him. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).

---

[3] To establish malice, the proceeding must have been brought for a purpose that is wrongful or willful without reasonable or probable cause. Lynch, 300 F.Supp. 2d at 902 (citing Miles v. Walker, 66 Neb. 728, 92 N.W. 1014, 1016 (1902); Tucker v. Cannon, 32 Neb. 444, 49 N.W. 435 (1891)). The Eighth Circuit described the showing of malice as requiring a plaintiff to show that defendants "had an illegitimate motive or acted in flagrant disregard so that a motive can be inferred." Id. (citing Cassady v. Dillard Dept. Stores, 167 F.3d 1215 (8th Cir.1999) (applying Missouri law)). Finally, "[i]n an action for malicious prosecution, the question of malice is generally one of fact for the jury, unless the facts are not in dispute." Id. (citing 10 C.J.S. Malicious Prosecution § 87).

Plaintiff's allegations fail to state a claim against any defendant because liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights. Plaintiff alleges that his belongings were searched and inventoried by OCC staff upon transfer to OCC, and that the Photos were found and taken at that time. Filing No. 1 at 2. As neither Geer nor Herman was involved in the search or seizure of the Photos, there is no basis for any Fourth Amendment illegal search claim to proceed against them. *Krauss v. Holcomb*, No. 1:17-CV-219 RLW, 2018 WL 2223675, at *1 (E.D. Mo. May 15, 2018).

**D. Deliberate Indifference to Medical Needs**

The Court construes Plaintiff's claim that he was denied previously prescribed medication for his chronic pain and mental health needs as one of deliberate indifference to medical needs in violation of the Eighth Amendment while housed at DCCC. *See* Filing No. 1 at 6.

"In order to establish an Eighth Amendment failure-to-protect claim, a plaintiff must show that the prison official was deliberately indifferent to a 'substantial risk of serious harm.'" Young v. Selk, 508 F.3d 868, 872 (8th Cir. 2007) (quoting Farmer v. Brennan, 511 U.S. 825, 828, (1994)). Similar to his Fourth Amendment search and seizure claim, Plaintiff does not allege that Geer or Herman knew of or were involved with Plaintiff's treatment at DCCC, therefore any claim of Eighth Amendment deliberate indifference to medical needs against Geer and Herman also must fail.

IT IS THEREFORE ORDERED:

1. Plaintiff's claim of malicious prosecution against Geer and Herman in their individual capacities may proceed to service of process.

2. All remaining claims are dismissed without prejudice.

3. For service of process on Geer and Herman, in their individual capacities, the Clerk of Court is directed to complete two sets of summons and USM-285 forms for each Defendant. The service address for the first set of forms is:

Office of the Nebraska Attorney General
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509.

The service address for the second set of forms is:

For Defendant Geer:

Keagan Geer, in his individual capacity
Nebraska State Patrol
4411 S 108th St
Omaha, NE 68137

For Defendant Herman:

Demetria Herman, in her individual capacity
Office of the Nebraska Attorney General
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509.

4. The Clerk of Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint, Filing No. 1, and this Memorandum and Order to the United States Marshals Service.

5. The Marshals Service shall serve Defendants Geer and Herman in their individual capacities by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for

serving the State of Nebraska or any state agency); see also Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

6. The Marshals Service shall also serve Defendants Geer and Herman in their individual capacities by certified mail or other authorized method of service at the addresses shown above. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[4]

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until **January 23, 2025**, to complete service of process.

9. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. Wright v. First Student, Inc., 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

10. The Clerk of Court is directed to set a case management deadline in this case with the following text: **January 23, 2025**: service of process to be completed.

11. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 25th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court