IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER M. PAYNE,<br><br>Plaintiff,<br><br>vs.<br><br>KEAGAN GEER, in his individual capacity; and DEMETRIA HERMAN, in her individual capacity;<br><br>Defendants. | 8:23CV427<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff's Motion to Compel Discovery, Filing No. 35, and Defendant Demetria Herman's Motion for a Discovery Conference. Filing No. 43. For the reasons set forth herein, Plaintiff's Motion to Compel Discovery is granted in part, denied in part with prejudice, and denied in part without prejudice. Herman's Motion for a Discovery Conference is denied without prejudice. The Court also lifts the stay of the dispositive motions deadline, *see* Filing No. 50, and sets October 6, 2025 as the deadline to file dispositive motions.

## BACKGROUND

Plaintiff filed his pro se complaint against Defendants Keagan Geer and Demetria Herman on September 29, 2023. Filing No. 1. Plaintiff is proceeding in forma pauperis. Filing No. 6. Upon an initial review of his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court[1] issued an order dismissing all of Plaintiff's claims except for his malicious prosecution claim against Defendants in their individual capacities. Filing No. 10.

The basis for Plaintiff's remaining claims relates to events occurring on or about March 30, 2022 when Plaintiff, an inmate at Tecumseh State Correctional Institution ("TSCI") was transferred to the Omaha Correctional Center ("OCC"). Upon arrival at OCC, Plaintiff's belongings were searched and inventoried by OCC staff who discovered

---

[1] The Honorable Joseph F. Bataillon, Senior United States District Judge.

1

several photographic prints depicting seminude and nude subjects which OCC staff believed were minor children (the "Photos"). The NSP was contacted, and Defendant Geer was assigned to investigate the Photos.

Plaintiff was questioned by Geer and another investigator about the Photos. Plaintiff alleges that, during this questioning, he was advised the Photos were not illegal, a crime had not been committed, and the focus of the questioning related to how the material, which was considered contraband, entered the prison. Plaintiff alleges he told investigators he removed the Photos from a book he obtained from the prison library.

Plaintiff alleges that, sometime after this interview, Geer contacted Defendant Herman who instructed and assisted Geer with the drafting of a probable cause affidavit for Plaintiff's arrest (the "Affidavit") for possessing sexually explicit material visually depicting sexually explicit conduct in violation of Nebraska law. The Affidavit allegedly focused on the apparent age and nudity of the subjects in the Photos. Plaintiff was subsequently arrested. Plaintiff alleges that, on October 17, 2022, the charges against Plaintiff were dismissed upon the conclusion of a preliminary hearing at which Geer presented testimony. Plaintiff subsequently sued Geer and Herman for malicious prosecution.

## ANALYSIS

### I. Motion to Compel (Filing No. 35).

Plaintiff's motion to compel relates to Interrogatories and Requests for Production served upon Defendant Herman on or about February 16, 2025. *See* Filing No. 28. Herman responded to this discovery on or about March 31, 2025. *See* Filing No. 32. More specifically, Plaintiff takes issue with: (1) Herman's objections to his definitions in the Interrogatories; (2) Herman's objections to Interrogatories 1, 3, and 5; and (3) Herman's objections to all three of Plaintiff's Requests for Production.

First, this Court's local rules explicitly prohibit definitions without the Court's leave. NECivR. 33.1(b) ("A party may not separately define words used in an interrogatory without the court's leave."). Plaintiff did not have leave of Court to use definitions.

Accordingly, the Court denies Plaintiff's motion to compel on this issue. The Court now turns to Plaintiff's individual requests.

### A. Interrogatory No. 1.

**INTERROGATORY NO. 1**: In the Declaration at paragraph 17 You state: "The photos Plaintiff describes in his Complaint are not the sexually explicit visual depictions of children that I attempted to prosecute Plaintiff for having." Please state with specificity:

    a. A detailed and complete description of the Prints;
    b. Which element(s) of Neb. Rev. Stat. § 28-813.01 that you believe(d) the Prints violated and why; and,
    c. In what ways the Prints differ from the Alleged Prints.

Filing No. 36 at 6.

Herman objected to this interrogatory as ambiguous, calling for information outside the scope of Federal Rule of Civil Procedure 33 and protected by the attorney work product doctrine. In her brief, Herman asserts she has already answered this interrogatory to the best of her recollection in paragraph 17 of a declaration she previously filed in this case in support of an unrelated motion. *See* Filing No. 24-1 at 3–4 ¶ 17.

Upon review of the interrogatory and objections, as well as the positions in the parties' briefing, the Court overrules Herman's objections to Interrogatory 1(a) and 1(c).[2] Herman shall answer, to the best of her recollection, Interrogatory 1(a) and 1(c), even if her response is already delineated in her declaration. The photographs in the underlying lawsuit are relevant to Plaintiff's malicious prosecution claim.[3] Neither interrogatory is

---

[2] Plaintiff capitalized "Prints" and "Alleged Prints" in Interrogatory 1(a) and 1(c). Plaintiff asserts he defined these terms in the definitions section of his interrogatories. Filing No. 37 at 2. The definitions are not in evidence and, as noted above, Plaintiff did not have leave of Court to define words in his interrogatories pursuant to the local rules. However, even without the definitions to define "Prints" and "Alleged Prints," Interrogatory 1(a) and 1(c) are not ambiguous.

[3] "[T]o establish a case of malicious prosecution, a plaintiff must show: (1) the commencement or prosecution of the proceeding against him; (2) its legal causation by the present defendant; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such a proceeding; (5) the presence of malice therein; (6) damage, conforming to legal standards resulting to plaintiff." *Lynch v. Omaha World-Herald Co.*, 300 F. Supp. 2d 896, 899–900 (D. Neb 2004) (first citing *Johnson v. First*

seeking work product, and both fall within the scope of discovery delineated by Federal Rules of Civil Procedure 26(b)(1) and 33.

The undersigned agrees, however, that Interrogatory 1(b) is ambiguous as written. It is unclear what Plaintiff means when he requests Herman state with specificity "[w]hich element(s) of Neb. Rev. Stat. § 28-813.01 that [she] believe(d) the Prints violated and why." Section 28-813.01 is a comprehensive statute delineating different criminal charges, affirmative defenses, and possible penalties. Accordingly, the Court sustains Herman's ambiguity objection. Herman is not ordered to answer Interrogatory 1(b).

Plaintiff's motion to compel Herman to answer Interrogatory No. 1 is granted in part and denied in part. Herman shall answer Interrogatory 1(a) and 1(c), as set forth herein. Herman is not ordered to answer Interrogatory 1(b).

**B. Interrogatory No. 3.**

**INTERROGATORY NO. 3**: Please state with specificity the exact number of cases that you participated in while engaged as a lawyer, prior to April 5, 2022, that involved the possession, distribution, and/or manufacture of visual depictions, whether photographic or videographic, involving children/minors.

Filing No. 36 at 6.

Herman objected to this interrogatory as overly broad, vague, overly burdensome, and unlikely to lead to the discovery of admissible evidence because it requested information regarding Herman's entire career prior to April 5, 2022. Plaintiff argues this interrogatory is relevant to the "malice" element of the pending claim and further states he would be amenable to an estimate of the number of cases referenced above, rather than the exact number.

For purposes of a malicious prosecution claim, to establish malice, the proceeding must have been brought for a purpose that is wrongful or willful without reasonable or probable cause. Lynch, 300 F. Supp. 2d at 902 (first citing Miles v. Walker, 66 Neb. 728, 92 N.W. 1014, 1016 (1902); and then citing Tucker v. Cannon, 32 Neb. 444, 49 N.W. 435

---

National Bank and Trust Co., 207 Neb. 521, 300 N.W.2d 10, 14 (1980); and then citing Holmes v. Crossroads Joint Venture, 262 Neb. 98, 629 N.W.2d 511, 526 (2001)).

(1891)). The Eighth Circuit has described the showing of malice as requiring a plaintiff to show that defendants "had an illegitimate motive or acted in flagrant disregard so that a motive can be inferred." *Id.* (citing *Cassady v. Dillard Dept. Stores*, 167 F.3d 1215 (8th Cir. 1999) (applying Missouri law)).

The undersigned agrees that Herman's experience in this area of criminal law is relevant. However, Herman need not provide this information with "specificity" as Plaintiff is no longer requesting this information and, given the information before the Court, this may not be proportional to the needs of the case. Herman can provide her best estimate to respond to this interrogatory and is ordered to do so.

Plaintiff's motion to compel Herman to answer Interrogatory No. 3 is granted in part and denied in part. Herman shall answer Interrogatory No. 3 as limited herein.

### C. Interrogatory No. 5.

**INTERROGATORY NO. 5**: In the Declaration at paragraph 16 you state: "Where no overt sexual act (i.i. [sic] penetration or masturbation) is involved. [sic] Nebraska state law requires the State to prove the sexual motivation of the possessor for each charges [sic] image of CSAM." Please state with specificity exactly which authority/authorities require the State to prove the sexual motivations of the possessor (as opposed to the sexual motivation of the producer) of CSAM.

Filing No. 36 at 7.

Herman objected to this interrogatory as calling for information outside the scope of Federal Rule of Civil Procedure 33 and protected by the attorney work product doctrine. Herman argues answering this interrogatory is improper as it would require her to provide a recitation of the law and, as such, is outside of the scope of discovery.

Federal Rule of Civil Procedure 33(a)(2) provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Plaintiff argues this interrogatory is asking for the application of law to fact and, as such, falls within the scope of Rule 33. Herman disagrees.

The Court sustains Herman's attorney work product objection. Interrogatory No. 5 is not seeking the application of law to fact. Instead, it requests Herman provide legal

5

authority to support the contention that the State must "prove the sexual motivations of the possessor" for certain criminal charges. In other words, Plaintiff is seeking Herman's attorney's legal arguments in support of this position. Cf. *Promotional Mktg. Insights, Inc. v. Affiliated Comput. Servs., Inc.*, No. 11-2795, 2012 WL 13028115, at *6 (D. Minn. Sept. 19, 2012) (sustaining attorney work product objection and denying motion to compel because interrogatory requesting all legal bases in support of a certain contention was not seeking a permissible mix of application of law to facts but was rather seeking legal arguments of counsel in support of a legal position). Plaintiff's motion to compel Herman to answer Interrogatory No. 5 is denied.

**D. Requests for Production No. 1, 2, and 3.**

The undersigned now turns to Plaintiff's Requests for Production. First, Herman responded to all three requests on the basis that she has nothing responsive to the requests in her possession. Federal Rule of Civil Procedure 34(a)(1) limits the scope of requests for production to "items in the responding party's possession, custody, or control." Plaintiff concedes Herman may not be able to access responsive documents because she is no longer employed by the Douglas County Attorney's Office. He argues, however, that Herman's attorney is employed by the Douglas County Attorney's Office and, thus, the requested documents are within Herman's possession.

Herman is not required to respond to Plaintiff's requests to the extent responsive items are not in her possession, custody, or control. Plaintiff is mistaken in his belief that Herman has control over every item responsive to his discovery requests simply because her attorney is employed by the Douglas County Attorney's Office. For instance, neither Herman nor her attorney can access Plaintiff's sealed criminal court file maintained by the County Court of Douglas County, Nebraska. Filing No. 44 at 1 ¶ 4; Filing No. 46 at 1 ¶ 3. The Court cannot order Herman to produce what she does not have.

Plaintiff is correct, however, that "possession, custody, or control" is broader than physical possession. Herman cannot answer these requests based upon items in her own individual possession. "Federal Rule of Civil Procedure 34 requires a party to produce not only those documents within its possession or physical custody, but also responsive documents that are within the party's 'control.'" *Toyota Motor Sales, U.S.A., Inc. v. Allen*

6

*Interchange LLC*, No. 22-CV-1681, 2024 WL 3617141, at *3 (D. Minn. Aug. 1, 2024) (citing *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 635 (D. Minn. 2000)). "'Control' is defined broadly as . . . 'the legal right, authority, or ability to obtain upon demand documents in the possession of another.'" *Id.* (quoting *Prokosch,* 193 F.R.D. at 636). "The party to whom the discovery is directed thus need not have legal ownership or actual physical possession, but rather a 'practical ability' to obtain the documents, to be required to produce them." *Id.*

Herman has the practical ability to obtain, and thus, control over any item Herman's attorney gathers from third parties on her behalf. "Because a client has the right, and the ready ability, to obtain copies of documents gathered or created by its attorneys pursuant to their representation of that client, such documents are clearly within the client's control." *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 509–10 (D.S.D. Sept. 11, 2015) (quoting *Am. Soc'y for Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006)).

In this case, discovery gathered from third parties includes documents gathered from the Douglas County Attorney's Office on Herman's behalf. It is possible Herman's attorney can gather discovery from Douglas County without using formal discovery devices. The Court is not ordering Herman's attorney to affirmatively search for items responsive to Plaintiff's discovery requests in the possession of the Douglas County Attorney's Office. However, any items Herman's attorney gathers in the course of representing Herman in this lawsuit, including materials informally gathered from the Douglas County Attorney's Office, are in Herman's control and, therefore, potentially discoverable. To put it more simply, Herman's attorney is not required to gather discovery for Plaintiff. If, however, Herman's attorney gathers discovery (such as police reports, the case file from the criminal prosecution, etc.) for Herman, Herman is required to disclose that discovery to Plaintiff when asked (in a formal discovery request subject to appropriate objections).

Accordingly, Herman is ordered to either (1) supplement her responses to items in her possession, custody, or control, subject to the Court's rulings on Herman's objections

7

below, and/or (2) create a privilege log.[4] The undersigned now turns to Plaintiff's individual requests.

**Requests No. 1 and 2**:

>**REQUEST NO. 1**: Any and all reports, records, or other documents and items that you relied on in the investigation and prosecution of myself as described and alleged in the Complaint.
>
>**REQUEST NO. 2**: Any and all text messages, emails, memos, voice messages, or other communications – whether handwritten, digital, typewritten, or produced by any other means – that relate to Myself, including but not limited to those by and between you and Keagan Geer, you and NDCS Personnel, you and any employee of NSP, and you and any other person. In regard to voice message [sic] that are audio recordings and not transcribed into writing, may be produced in digital format by emailing the digital recording in digital format to: chrispay79@gmail.com.

Filing No. 36 at 10.

Herman objected to both requests as requesting privileged attorney work product and advised that no non-privileged documentation was within Herman's possession. Herman additionally objected to Request No. 2 on the basis that it is vague and ambiguous.

First, Herman's vague and ambiguous objections to Request No. 2 are overruled. This request unambiguously seeks any communications related to Plaintiff, specifies certain formats for the communications, and specifies potential individuals involved in the communications.

Second, Herman objected to Requests No. 1 and 2 as requesting attorney work product. Federal Rule of Civil Procedure 26(b)(3)(A) provides that:

---

[4] For instance, it is possible Herman is arguing she has responsive discovery in her possession, custody, or control that she believes she cannot disclose pursuant to the Nebraska Security, Privacy, and Dissemination of Criminal History Information Act. Neb. Rev. Stat. § 29-3501, *et. seq.* Herman does not delineate what, if anything, she is refusing to disclose on this basis. If Herman is withholding responsive discovery on the grounds that this Act prohibits its dissemination to Plaintiff, she is ordered to delineate what she is withholding in a privilege log. *See* Fed. R. Civ. Proc. 26(b)(5).

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> >
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Additionally, "[i]f the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. Proc. 26(b)(3)(B).

Items protected by the work product doctrine may be responsive to Requests No. 1 and 2, but it is unlikely every item responsive to these requests is work product. The work product doctrine only applies to documents and tangible items "prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. Proc. 26(b)(3)(A). Accordingly, the Court cannot rule at this point on Herman's work product objections because it is unclear what, if anything, Herman has that is responsive to these requests.

Herman is ordered to re-evaluate whether she has anything responsive to these requests within her possession, custody, or control consistent with the Court's guidance above and supplement her response accordingly. If she does not have anything responsive, she is ordered to supplement her response to clarify. If she is withholding any responsive items on the basis of the work product doctrine, she is ordered to create a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5).

Plaintiff may renew his motion upon the receipt of a privilege log indicating Herman is withholding responsive items as attorney work product. Neither party is permitted to resort to motions practice until after the parties have attempted to meet and confer again to resolve the dispute without Court intervention pursuant to NECivR. 7.1(j). If motions practice is required, the parties are encouraged to brief whether items prepared in

anticipation of the criminal prosecution underlying a civil malicious prosecution action are protected by the work product doctrine in the civil action.

Finally, Plaintiff is reminded that the Court cannot compel Herman to produce what is not in her possession, custody, or control. Since Herman's current position is that there is nothing in her possession responsive to these requests, the Court will summarily deny a renewed motion to compel a response to these requests if there is no evidence that Herman has anything responsive in her possession, custody or control, as discussed herein.

Plaintiff's motion to compel Herman to produce items in response to Requests No. 1 and 2 is granted in part and denied in part without prejudice. Herman shall supplement her responses and/or provide a privilege log as set forth herein.

**Request No. 3:**

The undersigned now turns to Plaintiff's Request No. 3.

**REQUEST NO. 3**: Any and all photographs, copies of photographs, and/or digital images pertaining to the investigation and prosecution of myself as described and alleged in the Complaint. Digital images shall be produced by printing the same and noting thereon or therewith in separate document that a digital copy thereof exists.

Filing No. 36 at 11.

Herman objected to this request insofar as it requested documentation that cannot be legally transferred to Plaintiff. Herman then responded by advising she was not in possession of such items.

Once again, Herman is ordered to re-evaluate whether she has anything responsive to this request within her possession, custody, or control consistent with the Court's guidance above. If she does not have anything responsive, she is ordered to supplement her response to clarify. The Court cannot order Herman to produce what she does not have. It will summarily deny a renewed motion to compel a response to this request if there is no evidence that Herman has anything responsive in her possession, custody or control.

10

Herman also objected to this request on the basis that Plaintiff is requesting materials she cannot legally transfer to Plaintiff. It is unclear whether Herman is asserting she cannot provide the photos to Plaintiff because the requested material is illicit and transferring it to Plaintiff is illegal or because Plaintiff is incarcerated and the facility's policies prohibit him from possessing this type of material. Either way, the Court provides the following guidance to the parties.

The material Plaintiff is requesting is highly probative to his malicious prosecution claim. Accordingly, if items responsive to this request come into or are in Herman's possession, custody, or control (as set forth above), she is ordered to disclose a log to Plaintiff describing the responsive material consistent with Federal Rule of Civil Procedure 26(b)(5). The parties are then ordered to meet and confer to attempt to resolve the dispute without Court intervention. In doing so, the parties are ordered to contact the facility where Plaintiff is incarcerated to determine the best way to transfer and/or allow Plaintiff to view these photos without violating any internal procedures. For instance, the parties might agree to designate a documents custodian within the facility to hold the materials for Plaintiff and coordinate with the facility to provide Plaintiff supervised access to the materials at set times to prepare his case. The parties may resort to formal motions practice if the meet and confer is unsuccessful. *See* NECivR. 7.1(j). If it is Herman's position that Plaintiff should not, under any circumstances, be able to view the photos in any way whatsoever, Herman should provide the Court with additional authority supporting this position.

Accordingly, Plaintiff's motion to compel Herman to produce items in response to Request No. 3 is granted in part and denied in part without prejudice. Herman shall supplement her response to clarify whether she has responsive discovery in her possession, custody, or control. If she does have items responsive to this request in her possession, custody, or control, Herman is ordered to produce a privilege log, and the parties are ordered to meet and confer as set forth herein prior to engaging in any formal motions practice.

In conclusion, for the reasons stated above, Plaintiff's motion to compel is granted in part, denied in part with prejudice, and denied in part without prejudice. The undersigned now turns to the motion for a discovery conference.

II.     **Motion for Discovery Conference (Filing No. 43).**

Defendant Herman seeks a discovery conference to obtain access to the sealed criminal case forming the basis of Plaintiff's malicious prosecution claim. Filing No. 43. Plaintiff refuses to execute an affidavit permitting Herman and her counsel to access the sealed records. *See generally* Neb. Rev. Stat. § 29-3523(1)(c).

Herman did not explain what discovery mechanism she believes entitles her to compel Plaintiff to execute an affidavit to unseal the criminal record. Notably, the written discovery deadline is closed. Filing No. 29. Herman asked Plaintiff to execute the affidavit in an informal letter and Plaintiff refused. Filing No. 43 at 2. There is no evidence Herman requested Plaintiff execute the affidavit through a formal discovery request and Herman did not provide any authority indicating the Court may compel Plaintiff to execute the affidavit in the absence of a formal request. Accordingly, the Court denies Herman's motion without prejudice. The undersigned is not inclined to hold a discovery dispute conference when there is nothing on the record before it suggesting Herman is entitled to the relief she seeks.

However, it appears both parties want access to the sealed criminal record and would mutually benefit from coming to an agreement. A protective order could alleviate Plaintiff's concerns that the criminal record will become public if he signs the affidavit to release these records. *See* Fed. R. Civ. Proc. 26(c)(1) (a protective order can specify terms for the disclosure of discovery). The parties may look to the Court's standard protective orders, posted on the Court's website: https://www.ned.uscourts.gov/forms, for guidance. Accordingly, the parties are ordered to meet and confer a second time on this issue. If the parties come to an agreement, the parties may file a joint motion for a stipulated protective order (or any other joint motion, as appropriate).

If the parties cannot come to an agreement after meeting and conferring, the parties may resort to formal motions practice. If Herman files a motion to compel Plaintiff to execute the affidavit, she is encouraged to (1) identify the discovery method entitling

her to this relief and (2) provide legal authority indicating the Court may order Plaintiff to execute this affidavit. If one or both of the parties opt to subpoena the appropriate agency for the sealed record, the parties may do so, but remain bound by any applicable law, including the procedures set out in the federal and local rules for third party subpoenas. All Rule 45 subpoenas shall be served by August 22, 2025.[5]

### III. Dispositive Motion Deadlines.

Both parties requested the Court extend their dispositive motions deadline. Filing Nos. 45 & 47. This Court previously stayed the dispositive motions deadline pending a ruling on the motions at hand. Filing No. 50. The Court now lifts the stay and orders that any dispositive motions be filed on or before October 6, 2025.

## CONCLUSION

Accordingly,

IT IS ORDERED as follows:

1. Plaintiff's Motion to Compel Discovery, Filing No. 35, is granted in part, denied in part with prejudice, and denied in part without prejudice as set forth herein.
    a. Defendant Herman is ordered to answer and/or supplement her responses to Plaintiff's discovery, as set forth herein, by **August 22, 2025**. If Herman is withholding any responsive information based upon privilege, a privilege log shall be produced in conjunction with her supplemental responses.
    b. Any discovery motions permitted by this Order shall be filed on or before **September 5, 2025**.
2. Defendant Herman's Motion for Discovery Conference, Filing No. 43, is denied without prejudice. The parties are ordered to meet and confer on the issues raised by this motion, as set forth herein, by **August 8, 2025**.
3. All Rule 45 subpoenas shall be served by **August 22, 2025**.

---

[5] The Court's final progression order, Filing No. 29, did not set a deadline for completing Rule 45 subpoenas. The Court now sets forth such deadline.

13

4. The stay of the dispositive motions deadline, *see* Filing No. 50, is lifted. The deadline for filing motions to dismiss and motions for summary judgment (all dispositive motions) is **October 6, 2025**.

Dated this 23rd day of July, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge