IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTOPHER M. PAYNE,<br><br>    Plaintiff,<br><br> vs.<br><br>KEAGAN GEER, in his individual capacity; and DEMETRIA HERMAN, in her individual capacity;<br><br>    Defendants. | 8:23CV427<br><br>**MEMORANDUM AND ORDER** |

  Before the Court are two motions: a motion filed by defendants Demetria Herman and Keagan Geer ("Defendants") seeking an extension of time to file a motion for summary judgment (the "Motion to Extend"), Filing No. 60, and a motion filed by Plaintiff Christopher M. Payne ("Plaintiff"), seeking the appointment of counsel (the "Motion to Appoint Counsel"), Filing No. 59. As the two motions are intertwined somewhat, the Court shall address them together and deny both motions.

  In the Motion to Appoint Counsel Plaintiff argues that he is incarcerated, does not have formal legal training, that the matter involves complex legal issues and disputed facts including establishing that Defendant Herman is not protected by absolute immunity via stepping outside her role as a prosecutor which requires investigation that as an incarcerated person, he is unable to perform. Filing No. 59 at 1, 4–5. In support of the Motion to Extend Defendants seek extension of the October 6, 2025, deadline to file a motion for summary judgment due to counsel's recent illness and as the Court has not yet ruled on Plaintiff's Motion to Appoint Counsel. Filing No. 60 at 1–2.

The Motion to Extend shall be denied as while a 4-day illness certainly shortened the time Defendants' counsel was able to prepare a motion for summary judgment, they offer no explanation regarding the complexity of the anticipated motion or any other basis for their extension. The Motion to Appoint Counsel shall also be denied without prejudice for similar reasons.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as the motion for summary judgment has yet to be filed. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree," including the issues raised in the yet to be filed motion for summary judgment *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Extend, Filing No. 60, is denied. Any motion for summary judgment shall be filed no later than the October 6, 2025, deadline set forth in this Court's September 19, 2025, Memorandum and Order, *see* Filing No. 58.

2. Plaintiff's Motion for Appointment of Counsel, Filing No. 60, is denied without prejudice to reassertion.

3. Plaintiff is advised that the next step in his case will be for the Court to conduct an initial review of his claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 3rd day of October, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge