IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHRISTOPHER M. PAYNE,

Plaintiff,

vs.

KEAGAN GEER, in his individual
capacity; and DEMETRIA HERMAN,
in her individual capacity;

Defendants.

**8:23CV427**

**MEMORANDUM AND ORDER**

This matter is before the Court on three motions filed by Plaintiff Christopher M. Payne ("Plaintiff"). The first is a motion seeking to reinstate progression order deadlines (the "Motion to Reinstate"), Filing No. 70, the second is a motion seeking to appoint counsel (the "Motion to Appoint Counsel"), Filing No. 71, and the third is a motion seeking an extension of time to file a response to the motion for summary judgment filed by Defendant Herman (the "Motion for Extension"), Filing No. 75.  For the reasons that follow, the Motion for Extension shall be granted, the motion seeking to reinstate progression order deadlines shall be denied without prejudice, and the Motion to Appoint Counsel shall be denied without prejudice to reassertion.

In the Motion to Reinstate, Plaintiff alleges that the progression order deadlines which were previously suspended, *see* Filing No. 50, to allow Defendants additional time to file a motion for summary judgment should be reinstated as no motion for summary judgment was ever filed, Filing No. 70 at 1. However, Defendant Herman did file a motion for summary judgment on October 6, 2025, as well as supporting records and documents (the "MSJ"), *see* Filing Nos. 63-68, which Plaintiff acknowledges in his Motion for Extension,

Filing No. 75. Therefore it would be inappropriate for this Court to reinstate the progression order deadlines prior to the resolution of the MSJ.

While Plaintiff has not filed a response to the MSJ, Plaintiff argues in his later filed Motion for Extension that he was unaware of the filing of the MSJ and now seeks additional time to do so, although the response deadline has passed. Filing No. 75. In support, Plaintiff asserts that he never received the MSJ, hypothesizing that counsel for Defendant Herman may have utilized the incorrect address or that the prison mailing system failed to deliver it. *Id.* As it appears Plaintiff did not intentionally fail to respond to the MSJ, this Court finds good cause exists to allow him additional time to do so.

Finally, Plaintiff seeks the appointment of counsel, erroneously arguing that the case has progressed beyond the dispositive motions phase and is moving towards trial. Filing No. 71. As Plaintiff now acknowledges the MSJ is currently pending, his stated basis for seeking the appointment of counsel has not yet occurred. As such, the Motion to Appoint Counsel shall be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED THAT:

1.  The Motion for Extension, Filing No. 75, is granted. Plaintiff shall have through and until **April 16, 2026**, to file a response to the MSJ at Filing No. 63.

2.  The Motion to Reinstate, Filing No. 70, is denied without prejudice.

3.  The Motion to Appoint Counsel, Filing No. 71, is denied without prejudice to reassertion.

4.  The Clerk's Office is instructed to mail copies of the MSJ, the brief in support, the Affidavit of Demetria Herman, the statement of Undisputed Facts, and the Index, Filing Nos. 63-67, to Plaintiff at his current address of:

Tecumseh State Correctional Institution
Inmate Mail/Parcels
P.O. Box 900
Tecumseh, NE 68450-0900

5.  If Plaintiff seeks additional time to comply with this Memorandum and Order he must file a motion seeking an extension prior to the expiration of the **April 16, 2026**, deadline for compliance.

Dated this 17th day of March, 2026

BY THE COURT:

John M. Gerrard
Senior United States District Judge

3