IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHRISTOPHER M. PAYNE,

Plaintiff,

vs.

KEAGAN GEER, in his individual capacity;

Defendant.

**8:23CV427**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Keagan Geer's ("Geer") motion for leave to file an untimely motion for summary judgment (the "Motion"). Filing No. 83. In support Geer argues that cause exists to allow his untimely filing under the "excusable neglect" standard set forth in Federal Rule of Civil Procedure 6(b), Filing No. 84. This Court disagrees.

Excusable neglect under Rule 6(b) is established when, after considering all of the relevant circumstances surrounding the failure to comply. *See In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993). This evaluation includes consideration of the danger of prejudice to the non-moving party, the length of and reason for the delay and its potential impact on judicial proceedings, including if the delay was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993).

Here, over a year ago on October 2, 2026, Geer and former defendant Demetria Herman ("Herman") filed a joint motion seeking to extend the motion for summary judgment deadline which was set for October 6, 2025. Filing No. 60. This Court denied that motion, Filing No. 62, after which Herman filed her

motion for summary judgment on the October 6, 2025, deadline, Filing No. 63. However, Geer did not file a corresponding motion for summary judgment or join Herman's motion for summary judgment, resulting in this Court addressing Herman's motion for summary judgment alone on September 30, 2026. *See* Filing No. 82. Only after Herman's motion for summary judgment was decided did Geer file the instant Motion. *See* Filing No. 83 (filed on October 9, 2026).

While Geer's Motion discusses why Plaintiff will not be prejudiced by granting the motion and what happened after the October 6, 2025, deadline passed, *see* Filing Nos. 83 & 84—including Geer obtaining new counsel in February, 2026, and new counsel's need to become acquainted with this matter, as well as prior counsel's illness at the time the motion to extend the October 6, 2025, deadline was filed and his heavy caseload at that time—there is no explanation as to why it took over a year for the Motion to be filed. As the reasons for the delay in filing the Motion are not supported by excusable neglect, the Motion shall be denied.

IT IS THEREFORE ORDERED: Geer's Motion for Leave, Filing No. 83, is denied.

Dated this 15th day of October, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge